IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD SMITH, )<br>)<br>    Plaintiff, )<br>) <br>    v. )<br>)<br>GOLDEN PEANUT COMPANY, )<br>LLC, a limited liability )<br>company, )<br>)<br>    Defendant. ) | CIVIL ACTION NO.<br>1:14cv999-MHT<br>(WO) |

ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. <u>See</u> <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. <u>See</u> 28 U.S.C. § 1332; <u>see also</u> 2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The complaint here is insufficient because it fails

to allege properly the citizenship of a party that is a 'limited liability company': Golden Peanut Company, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company." Id. (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until February 6, 2015, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 26th day of January, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE