# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JAMES EDWARD SMITH,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | **Civil Action No.:** |
| v. ) | **2:14-cv-999-MHT** |
| ) | **(WO)** |
| **GOLDEN PEANUT COMPANY,** ) | |
| **LLC, a limited liability company,** ) | |
| ) | |
| *Defendant.* ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on December 9, 2015, wherein the following proceedings were held and actions taken:

**1.   PARTIES AND TRIAL COUNSEL:**

   Appearing for Plaintiff, James Edward Smith:

> Rufus R. Smith, Jr., Esq. (SMI060)
> Post Office Drawer 6629
> Dothan, Alabama 36302
> (334) 671-7959
> FAX (334) 671-7957
> rufusrsmith@yahoo.com

> Jeffrey C. Kirby, Esq. (KIR002)
> KIRBY JOHNSON, P.C.
> One Independence Plaza Drive, Suite 520
> Birmingham, Alabama 35209
> (205) 458-3553
> FAX (205) 458-3589
> jkirby@kirbyjohnsonlaw.com

Appearing for Defendant, Golden Peanut Company, LLC:

> Stephen M. Cozart, Esq. (COZ001)
> Kubicki Draper, P.A.
> 125 W. Romana Street, Suite 550
> Pensacola, Florida  32502
> 850-434-0003
> FAX 850-434-0223
> smc@kubickidraper.com
>
> Jason S. Stewart, Esq.
> *Pro Hac Vice* Admission Pending
> Kubicki Draper, P.A.
> 1 E. Broward Blvd., Ste 1600
> Fort Lauderdale, Florida 33301
> jst@kubickidraper.com

**COUNSEL APPEARING AT PRETRIAL HEARING:**

For the Plaintiff:    Same as trial counsel.

For the Defendant:    Same as trial counsel.

**2.  JURISDICTION AND VENUE:**

Jurisdiction is based upon diversity of citizenship of the parties and an amount in controversy, excluding interest and costs, exceeding the sum specified by 28 U.S.C. §1332(a).  Venue is proper in this district pursuant to 28 U.S.C. §1391(a) since substantial parts of the events or omissions giving rise to this action occurred in the Middle District of Alabama, Southern Division.

**3.  PLEADINGS:**    The following pleadings and amendments are allowed:

The Plaintiff's Amended Complaint (Doc. 16) and the Defendant's Answer (Doc. 18).

**4.     CONTENTIONS OF THE PARTIES:**

**(a)     The Plaintiff's contentions:**

On March 11, 2014, James Edward Smith (hereinafter "Smith") was working as a welder for Dothan Blow Pipe through a temporary employment agency called EmployBridge Southeast, LLC d/b/a ResourceMFG. On that date Smith was at Golden Peanut Company, LLC's (hereinafter "Golden Peanut") facility located in Headland, Alabama. Smith's duties that day included installing a ventilating fan and general maintenance work on belts and pulleys inside one of Golden Peanut's grain elevator pits, specifically Pit Number 1.

At the time that Smith descended into Golden Peanut's Pit Number 1, there were no trucks on site and there were two individuals who had knowledge that Smith was in the grain pit and who were supposedly watching for trucks. While Smith was in the grain pit, peanuts or peanut dust was allowed to be dumped into the pit. At that time, Smith was in the bottom of the pit approximately 30 feet from the surface. As the peanuts and/or peanut dust were being dumped into the pit, the peanut dust became so thick in the work area of the elevator pit shaft that Smith could not see his hand in front of his face. Smith was caused to breathe peanut dust as he made his way to the ladder and out of the pit.

On the date of his injury, Golden Peanut owed Smith a duty of reasonable care to provide him with a safe place to work or a reasonably safe work environment. Golden Peanut negligently and/or wantonly breached these duties by

(a)     Failing to watch for or keep a lookout in order to prevent the discharge of peanuts or peanut dust into an occupied workspace;

(b)     Failing to prevent the discharge of peanuts and/or peanut dust into the workspace;

(c)     Failing to notify the truck drivers responsible for the discharge of peanuts into that workspace (Pit Number 1) of the presence of workmen;

(d)     Failing to notify the workmen present in the workspace that peanuts or peanut dust was going to be allowed to be discharged into the work area; and/or

(e)     Failing to follow policies and procedures for the discharge of peanuts and/or peanut dust into an occupied workspace.

As a proximate result of the negligent, willful and/or wanton conduct of the Defendant, Golden Peanut, the Plaintiff suffered the following injuries and damages;

A.     Acute exacerbation or aggravation of chronic obstructive pulmonary lung disease (COPD) resulting from exposure to peanut dust.

B.     Pneumonia/inflammation of the lungs that was caused, exacerbated, or aggravated by peanut dust inhalation.

C.  Acute respiratory failure.

D.  Smith having to be prescribed oxygen on a full time basis which is administered through oxygen tubes in his nose.

E.  Plaintiff has suffered mental anguish and emotional distress.

F.  Plaintiff has suffered a permanent physical injury.

G.  Plaintiff claims the cost of medical care, past and future.

H.  Plaintiff claims loss wages, past and future.

I.  Plaintiff has suffered pain, past and future.

J.  Plaintiff claims punitive damages.

**(b)   The Defendants' contentions:**

Golden Peanut does not dispute that Smith suffered a serious exacerbation of pre-existing COPD which ultimately required Smith to be hospitalized at Gulf Coast Medical Center in Panama City, Florida.  But, Golden Peanut denies that this exacerbation was, in any way, related to anything that Golden Peanut, and/or its employees, did or did not do.  In fact, the evidence will show that the level of pre-existing disease suffered by Smith, a long time smoker who continues to smoke, could have been exacerbated by any number of things; including, pure bad luck.  Thus, Smith will be unable to prove, by a preponderance of the evidence, that his hospitalization and current condition were caused by his work at Golden Peanut.

Further, Golden Peanut denies Smith's allegations. According to the sign-in sheets, Smith worked in Pit 1 on March 10, 2014; not March 11, 2014. Also, Golden Peanut denies that any peanuts were dumped into the pit while Smith was in the pit working. As such, Golden Peanut did not breach any duties owed to Smith and Golden Peanut is not liable for any medical treatment he has received.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES:**

(a) The parties are correctly named.

(b) The Court has jurisdiction and venue is proper.

(c) The parties stipulate to the admissibility of the Plaintiff's medical treatment records from (1) Gulf Coast Medical Center; (2) Northwest Florida Community Hospital; (3) Dr. James Tackett; (4) Dr. Victor M. Ortega; and (5) Pulmonary Associates of East Tennessee.

(d) The parties stipulate to the necessity and reasonableness of the medical bills incurred by the Plaintiff for treatment received from (1) Gulf Coast Medical Center; (2) Northwest Florida Community Hospital; (3) Dr. James Tackett; (4) Dr. Victor M. Ortega; and (5) Pulmonary Associates of East Tennessee. The Defendant reserves the right; however, to argue to the jury that these medical bills are not related to the incident alleged in the Complaint.

\* \* \*

    It is ORDERED that:

    (1) The jury selection and trial of this cause,

6

which is to last three days, are set for January 11, 2016, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed by December

7

28, 2015;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (doc. no. 17) entered by the court on February 11, 2015; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 9th day of December, 2015.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**